**FORWOOD et al. v. CITY OF TAYLOR et al.**

No. 9690; Motion No. 10497.

Court of Civil Appeals of Texas. Austin.

March 10, 1948.

For former opinion, see 208 S.W.2d 670.

Amos Peters, Jr., of Taylor, and Dan Moody, of Austin, for appellants.

Grimes & Owens, of Taylor, and Wood & Wilcox, of Georgetown, for appellees.

GRAY, Justice.

Appellants have filed their motion for rehearing in this cause and assert we were in error in affirming the judgment of the trial court.

We have considered the brief accompanying this motion and have examined the authorities cited therein. Our examination of authorities leads us to the conclusion that, as to de facto officers, judicial pronouncements may be generally divided into the following classes: those dealing with the statute or ordinance creating the office; those dealing with the acts of the officer resulting to his own benefit; and those dealing with acts done for the benefit of strangers or the public. The facts of the case here presented bring the acts of the Board of Equalization within the latter class.

Our conclusions announced in the original opinion are supported by Martin v. Grandview Ind. School District, Tex.Civ. App., 266 S.W. 607, 609, error referred, quoting with approval 22 RCL, p. 589, § 307, as follows:

"The de facto doctrine was introduced into the law as a matter of policy and necessity, to protect the interests of the public and individuals, where those interests were involved in the official acts of persons exercising the duties of an office without being lawful officers. It was seen that it would be unreasonable on all occasions to require the public to inquire into the title of an officer, or compel him to show title, especially since the public

has neither the time nor the opportunity to investigate the title of the incumbent. But it should be noted that the legal doctrine as to de facto officers rests upon the principle of protection to the interests of the public and third parties, and not on the rights of rival claimants. The law validates the acts of de facto officers as to the public and third persons, on the ground that though not officers de jure, they are in fact officers whose acts public policy requires should be considered valid."

█ Conceding the city ordinance creating the Board of Equalization with nine members is in conflict with the constitution and the general law, the facts as here presented constitute it a de facto board and make its action in raising the valuation of appellants' properties legal. In support of this conclusion we cite Wendt v. Berry, 154 Ky. 586, 157 S.W. 1115, by the Court of Appeals of Kentucky, reviewing numerous authorities; Anderson v. State, Tex.Cr.App., 195 S.W.2d 368.

We adhere to our former opinion and now overrule appellants' motion for rehearing.

Overruled.