Inez P. **RIVERA; Gaspar Ambrose; E.J. Laurel; and The Laredo Police Officers Association, Appellants,**

v.

**CITY OF LAREDO, Appellee.**

No. 04–96–00058–CV.

Court of Appeals of Texas, San Antonio.

April 16, 1997.

Rehearing Overruled May 16, 1997.

Richard J. Gonzalez, Laredo, for Appellants.

Fausto Sosa, City Attorney, Jerry Bruce Cain, Acting City Attorney, Laredo, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

GREEN, Justice.

## OPINION

Appellants brought suit against the City of Laredo (the City) seeking mandamus, injunctive and declaratory relief. They claimed that the Laredo City Council selected a police chief in violation of the Texas Open Meetings Act. On appeal, Appellants challenge the trial court's granting the City's motion for summary judgment and the court's denying their motion for summary judgment.

## Facts

■ In October of 1991, E.J. Laurel resigned as chief of police of the City of Laredo. After Laurel's resignation, the City began the selection process for a new police chief. On March 23, 1992, the city council met in open session pursuant to public notice posted on March 20, 1992. The notice included the agenda for the session, specifying that "personnel matters" would be discussed in executive session.[1] At the meeting, the city manager moved to meet in executive session, which the council did. After the executive session, the mayor announced that no formal action had been taken.

On May 4, 1992, the city council met again in open session after it posted notice on May 1, 1992. The notice contained a statement that the city manager requested an executive session to discuss the selection of a police chief. The minutes from the May 4th open session indicate that the city manager moved to go into executive session to discuss appointing a new police chief. After the executive session, the mayor announced that no formal action had been taken. A council member then moved to recess until May 6, 1992, which the council approved by vote. After approving the recess, the council continued discussing other business matters. When the council was called from the "recess" on May 6, 1992, the council members met in executive session to discuss the selection of a police chief. The minutes indicate that the mayor was not present at the time the meeting was called from recess, but the minutes do state that he came in at 1:15 p.m., which occurred either at the time the council was voting to go into executive session or during the executive session itself. After the executive session, the mayor announced in open session that no formal action had been taken. The city manager then nominated J.L. Martinez for chief of police, and the city council, by majority vote, approved the city manager's nominee.

On June 9, 1993, Police Chief Martinez suspended police officer Inez P. Rivera without pay based upon five counts of official misconduct. Rivera appealed his suspension to a third party hearing examiner, who sustained the indefinite suspension. Rivera then brought the present suit in district court seeking mandamus, injunctive and declaratory relief against the City of Laredo. Gaspar Ambrose, E.J. Laurel, and The Laredo Police Officers Association later joined Rivera's suit. In their petition, the plaintiffs challenged the appointment of Martinez as police chief. They claimed that the City violated the Open Meetings Act in appointing Martinez and petitioned the court to declare the appointment and any disciplinary actions taken by Martinez as police chief void. They also asked the trial court to issue a writ of mandamus and an injunction "to stop, prevent, and reverse the violation and threatened violations of the Texas Open Meetings Act...."

Both parties filed motions for summary judgment. The trial court granted the City's motion for summary judgment without specifying its reasons, denied the Appellant's motion, and entered a take-nothing judgment.

## Discussion

### Standard of Review

To obtain a summary judgment, the movant must show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, *Board of Trustees of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 957 (Tex.1986)

---

1. An executive session "is a meeting or part of a meeting closed to the public." *Cox Enter., Inc. v.*

341 (Tex.1995); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists, the court considers all evidence favorable to the nonmovant as true. *Cathey,* 900 S.W.2d at 341; *Nixon,* 690 S.W.2d at 548–49. If the defendant moves for summary judgment, he must negate at least one element of the plaintiff's cause of action or conclusively establish an affirmative defense. *Cathey,* 900 S.W.2d at 341.

When a court grants summary judgment for one movant and denies summary judgment for the other without specifying its reasons for so ruling, an appellate court may affirm the trial court's judgment if any of the grounds raised in the prevailing movant's motion were meritorious. *Camco Int'l, Inc. v. Perry R. Bass, Inc.,* 926 S.W.2d 632, 635 (Tex.App.—Fort Worth 1996, writ denied). If the other movant raised meritorious grounds in its previously denied motion, then the appellate court may reverse the trial court's judgment and render judgment in favor of that party. *Camco Int'l, Inc.,* 926 S.W.2d at 635; *See Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). On appeal, the court must answer all questions presented in both motions. *See Camco Int'l, Inc.,* 926 S.W.2d at 635.

In the case at bar, Appellants moved for summary judgment contending that Martinez' appointment as police chief was void because the City's actions in selecting Martinez violated the Open Meetings Act. Specifically, Appellants attempted to prove that (1) the City violated the Open Meetings Act at the March 23rd meeting by providing insufficient notice of what would be discussed in the executive session, (2) the City violated the Act at the May 4th meeting by making a final decision and voting while still in executive session, (3) the City again violated the Act at the May 4th meeting by not keeping a certified agenda, and (4) the City violated the Act at the May 6th meeting by not posting notice and by taking a final vote while still in closed session. They alleged that at each of these meetings steps were taken to select Martinez as police chief. Appellants provided the trial court with copies of the agenda notices and minutes from each meeting, except the notice for the May 6th meeting since none existed. They also supplied the certified agendas for each executive session, except for the one held on May 4, 1992 since none was available.

The City filed a response and countermotion for summary judgment. In its motion, the City attacked Appellants' standing to bring the current action. The City asserted that this proceeding was in the nature of a quo warranto proceeding since Appellants sought to remove the current police chief from office; the City noted that only the attorney general or the county or district attorney can bring a quo warranto action. The City next responded that Rivera was barred from bringing the suit to challenge his suspension since he had already litigated his suspension in front of a hearing officer. The City also argued that E.J. Laurel was prohibited from bringing the suit because he was involved in a pending action litigating similar issues concerning his resignation.[2] Additionally, the City asserted that the doctrine of laches barred the entire action.

### Quo Warranto

Proceedings in the nature of a quo warranto challenge a person's right to hold a public office; such proceedings have been authorized by statute since 1879. *See* Act approved July 9, 1879, 16th Leg., S.S., ch. 48, § 1, 1879 Tex. Gen. Laws 75, 75, *reprinted in* 9 H.P.N. GAMMEL, LAWS OF TEXAS 43, 43 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 66.001 (Vernon 1986)). Texas courts have held that mandamus is not a proper remedy when quo warranto is available. *Lewis v. Drake,* 641 S.W.2d 392, 394 (Tex.App.—Dallas 1982, no writ). Quo warranto has also been held to be the exclusive remedy to challenge the authority of a public officer in injunction cases and cases in which a declaratory judgment is sought. *Id.* The reason for limiting the type of action that can

**2.** This ground only pertains to appellant E.J. Laurel. However, Laurel has filed a motion to withdraw from this appeal, which is granted by this opinion and judgment. Because resolution of this one issue would not affect the other appellants or the City, we do not determine whether the trial court should have dismissed Laurel as a plaintiff.

be brought to challenge a public official has been stated as follows:

> Public officers should be free to perform their duties without having their authority questioned incidentally in litigation between other parties. They should not be called on to defend their authority unless a proper legal officer of the State has determined that the question raised is serious and deserves judicial consideration as required by article 6253. This settled policy of the State is exemplified by cases holding that the decision of the Attorney General or the district or county attorney to present the information under that statute is a matter of discretion to be exercised for the protection of the public and cannot be controlled by mandamus.

*Id.* at 395 (citations omitted).

The Open Meetings Act, on the other hand, was enacted in 1967 in order to ensure that "the public has the opportunity to be informed concerning the transactions of public business." *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 300 (Tex.1990)(citing Acts 1967, ch. 271, § 7, 1967 Tex. Gen. Laws 597, 598). As the Texas Supreme Court later explained, the enactment "recognized the wisdom contained in the words of Justice Brandeis that: 'Sunlight is said to be the best of disinfectants; electric light the most efficient policeman.'" *Id.* The court further noted:

> The executive and legislative decisions of our governmental officials as well as the underlying reasoning must be discussed openly before the public rather than secretly behind closed doors. In order to effect this policy, this statute requires that "every regular, special, or called meeting or session of every governmental body shall be open to the public."

*Id.* (citations omitted). To effectuate the policy of keeping government meetings open to the public, the legislature has allowed an "interested person" to bring an action under the Open Meetings Act. *See* TEX. GOV'T CODE ANN. § 551.142(a) (Vernon 1994). What "interested person" means under the Open Meetings Act is a source of conflict between some courts. *Compare City of Abilene v. Shackelford,* 572 S.W.2d 742, 746–47 (Tex.

Civ.App.—Eastland 1978) (interpreting "interested person" as requiring plaintiff to show particular injury or damage different than public at large), *rev'd on other grounds,* 585 S.W.2d 665 (Tex.1979) *with City of Fort Worth v. Groves,* 746 S.W.2d 907, 913 (Tex. App.—Fort Worth 1988, no writ) (viewing "interested person" as affected taxpayer and citizen based upon underlying purpose of Open Meetings Act) *and Cameron County Good Gov't League v. Ramon,* 619 S.W.2d 224, 230–31 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.) (stating "[i]t is difficult to see how the Legislature could broaden the class of 'any interested person.'") .

■ Since the Open Meetings Act was enacted and codified after the statute pertaining to quo warranto proceedings, we must presume the legislature enacted the Open Meetings Act with complete knowledge of the statute pertaining to quo warranto actions and with reference to it. *See Acker,* 790 S.W.2d at 301; *Scurlock Permian Corp. v. Brazos County,* 869 S.W.2d 478, 486 (Tex. App.—Houston [1st Dist.] 1993, writ denied). However, the Texas Open Meetings Act did not expressly repeal conflicting statutory provisions, and "statutory repeals by implication are not favored." *Acker,* 790 S.W.2d at 301. A legislative enactment covering a subject dealt with by an older law, but not repealing that law, should be harmonized whenever possible with its predecessor in such a manner as to give effect to both. *Id.*

■ The issue now becomes whether to harmonize the two statutes by holding that the right to bring an action under the Open Meetings Act extends to all situations except those in which a public official's office can be challenged in a quo warranto proceeding or by holding that the only situation in which a public official's office can be challenged in an action other than a quo warranto proceeding is where a violation of the Open Meetings Act is asserted. We believe the second option is the more logical approach and is more consistent with legislative intent, recognizing the supreme importance placed on open government as Woodrow Wilson recommended when he stated that "[g]overnment ought to be all outside and no inside." *Acker,* 790 S.W.2d at 300.

Arguably, the legislature must have taken into consideration that actions by governmental agencies relating to the employment of public officials would be subject to challenge under the Open Meetings Act because the legislature created a specific statutory exception permitting closed meetings to deliberate on such matters. *See* TEX. GOV'T CODE ANN. § 551.074 (Vernon 1994). Moreover, at least one court has recognized that the public has a special interest in matters relating to the employment of a police chief and has permitted an Open Meetings Act challenge involving the termination of a police chief; however, standing based on the quo warranto statute was not mentioned in that case. *See Mayes v. City of DeLeon,* 922 S.W.2d 200, 203 (Tex.App.—Eastland 1996, writ denied). Our recognition of an interested person's right to take action relating to an invalid appointment of a police chief would ensure nondiscretionary protection of the public's special interest in that office. In the absence of such recognition, the attorney general or district attorney could simply decide that an Open Meetings Act violation is not sufficiently serious to warrant judicial consideration of a public official's right to office.

We hold that an "interested person" can challenge a public official's right to hold office in a proceeding other than a quo warranto proceeding where there is an alleged violation of the Open Meetings Act. Based upon the *Groves* and *Ramon* decisions, we find Appellants are "interested persons" under the Open Meetings Act and have sufficient public standing to maintain this suit. *See Groves,* 746 S.W.2d at 913.

### Res Judicata

The City also attempts to establish that Rivera is barred from bringing this suit through res judicata. Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex. 1992). Res judicata prevents the splitting of a cause of action. *Id.* at 629. Determining

what claims should have been litigated in a prior suit gives courts the most difficulty. *Id.*

Texas has adopted the "transactional" approach to res judicata. *Getty Oil Co. v. Insurance Co. of N. Am.,* 845 S.W.2d 794, 798 (Tex.1992), *cert. denied,* 510 U.S. 820, 114 S.Ct. 76, 126 L.Ed.2d 45 (1993). In determining whether claims arise out of the same subject matter and thereby constitute a single "transaction," the court considers: (1) their relatedness in time, space, origin or motivation; (2) whether the claims form a convenient trial unit; and (3) whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage. *See Barr,* 837 S.W.2d at 631. The factual matters that make up the gist of the complaint in the prior litigation must be analyzed to determine if the asserted cause of action arises out of those same facts. *Id.* at 630.

Here, the prior suit under consideration was an appeal to a hearing officer who affirmed Rivera's suspension for official misconduct; the factual basis of the appeal was the determination that Rivera had engaged in official misconduct. Those facts are significantly different from the facts asserted in the present claim, in which Appellants seek to declare Martinez's appointment void. Martinez's appointment and the basis for his decision to suspend Rivera for official misconduct are not related in time, space, origin, or motivation. No proof of the factual basis for the suspension would be necessary in an action relating to Martinez's appointment. *Cf. Klein v. Dooley,* 933 S.W.2d 255, 259 (Tex.App.—Houston [14th Dist.] 1996, writ filed)(facts must be relevant to both claims for claims to arise out of same subject matter). Therefore, it would not appear that the two claims would form a convenient trial unit. As a result, res judicata does not apply.

### Laches

In its motion for summary judgment, the City also argued that Appellants could not prevail since the doctrine of laches applied. We disagree.

In the absence of some element of estoppel, the doctrine of laches does not bar an action before the statute of limitations has run. *Delta County Levee Improvement Dist. No. 2 v. Leonard,* 516 S.W.2d 911, 913 (Tex. 1974), *cert. denied,* 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975). In the present case, it appears that an action brought under the Open Meetings Act would fall under the four-year residual limitations period in TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986) since the Act does not specify the amount of time a plaintiff has to bring an action for open meetings violations. Rivera filed his original petition less than two years after the alleged violations of the Act, and the other plaintiffs joined the suit approximately two years and three months after the last alleged violation. Because the action was brought within the four year limitations period, the laches doctrine does not apply.

Because Appellants had standing to bring this suit and this action was not barred by res judicata or laches, the court erred in granting the City's motion for summary judgment. We now turn to the merits of Appellants' motion for summary judgment.

### *Texas Open Meetings Act Violations*

Without deciding whether the March 23rd and the May 4th meetings violated the Open Meetings Act, we find that Appellants met their summary judgment burden by establishing that the City violated the Open Meetings Act on May 6th when it met after an alleged recess without first posting notice of the meeting. The City claims that it appropriately recessed the May 4th meeting to May 6th and thus, no additional notice was required.

Any action taken in violation of the Open Meetings Act is voidable. TEX. GOV'T CODE ANN. § 551.141 (Vernon 1994). Pursuant to the Act, a governmental body must give written notice of the date, hour, place, and subject of each meeting held by the governmental body. *See id.* at § 551.041. Whether a governmental body must post notice under section 551.041 for a recessed meeting is a matter of first impression for Texas courts. Nothing in the Texas Open Meetings Act appears to address a recess. Other states, however, have anticipated the issue and consequently included provisions for recesses. For example, Michigan requires new notice to be sent if a meeting is recessed for more than 36 hours. MICH. COMP. LAWS ANN. § 15.265(5) (West 1994); *see also Regents of the University of Michigan v. Washtenaw County Coalition Against Apartheid,* 97 Mich.App. 532, 296 N.W.2d 94, 98 (1980). Mississippi, on the other hand, requires notice of each recessed meeting, adjourned meeting or interim meeting; however, only one hour notice of such meetings need be given. MISS.CODE ANN. § 25–41–13(1) (1991).

In Texas, only the Texas Attorney General has attempted to address this issue; in opinion number H–1000, the attorney general stated that the statutory language means that notice must specify "each daily session." Op. Tex. Att'y Gen. No. H–1000 (1977). The attorney general further opined, however, that a board may recess "from day to day when it does not complete consideration of a particularly long subject so long as the action is in good faith and does not serve as an evasion of the Act." *Id.* This statement seems to imply that the recess can only be to the next day.

In the absence of a statutory provision to the contrary and in light of the attorney general opinion requiring notice of each daily session, we find that the City was required to post notice of its May 6th meeting before convening, regardless of whether it considered the meeting a continuation from a recessed meeting held two days previous.

Because the City violated the Act by not posting notice of the May 6th meeting, Appellants met their summary judgment burden in showing that the appointment of J.L. Martinez as Laredo's new police chief at the May 6th meeting was voidable. Martinez' appointment is thus set aside and declared null and void.

Because Martinez' appointment as police chief is void, we must next consider whether any disciplinary actions that Martinez took while police chief—in particular, the suspension of Rivera—are also void. We have concluded that they are not.

**794**

■ The law validates the acts of an officer *de facto* on public policy grounds. *Forwood v. City of Taylor,* 209 S.W.2d 434, 435 (Tex.Civ.App.—Austin) (op. on reh'g), *aff'd,* 147 Tex. 161, 214 S.W.2d 282 (1948). A public official becomes an officer *de facto* when he exercises his duties under the following circumstances:

First, without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be; second, under color of a known and valid appointment or election, but where the officer had failed to conform to some precedent, requirement, or condition, as to take an oath, give bond, or the like; third, under color of a known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such ineligibility, want of power, or defect being unknown to the public; fourth, under color of an election or an appointment by or pursuant to a public unconstitutional law, before the same is adjudged to be such.

*Forwood v. City of Taylor,* 208 S.W.2d 670, 673 (Tex.Civ.App.—Austin) (quoting *Norton v. Shelby Co.,* 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178 (1886)), *aff'd,* 147 Tex. 161, 214 S.W.2d 282 (1948). The present situation falls under the third category since the city council, by violating the Open Meetings Act, could not validly appoint Martinez as police chief. Actions taken by Martinez, as an officer *de facto,* are still valid despite the invalidity of his appointment. *See Biencourt v. Parker,* 27 Tex. 558, 562–63 (1864); *Forwood,* 209 S.W.2d at 435; *Plains Common Consol. Sch. Dist. No. 1 v. Hayhurst,* 122 S.W.2d 322, 327 (Tex.Civ.App.—Amarillo 1938, no writ); *cf. Vick v. City of Waco,* 614 S.W.2d 861, 864 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.). As a result, we cannot declare that any disciplinary actions taken by Martinez while acting as police chief are void.

### Conclusion

Because we find that the trial court erred in granting the City's motion for summary judgment and denying Appellants' motion, we sustain Appellants' points of error.

E.J. Laurel has filed a motion to withdraw from this appeal; the motion is granted and he is denied any relief. As for the remaining Appellants, the judgment of the trial court is reversed. Judgment is rendered for Appellants, and the City's action in appointing J.L. Martinez as police chief is hereby declared void. Pursuant to section 551.142(b) of the Government Code, we award court costs and $10,000 in attorney's fees to Appellants, which they proved through their attorney's uncontroverted affidavit. We will not grant Appellants' request to order the City to make public its certified agendas from the March 23rd, May 4th, and May 6th meetings since Appellants did not present this issue to the trial court in its motion for summary judgment. *See* Tex.R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979).