

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 28, 1998

The Honorable José R. Rodríguez
El Paso County Attorney
500 East San Antonio, Room 203
El Paso, Texas 79901

Opinion No. DM-482

Re: Whether a commissioners court may continue a meeting for a period of up to one week without reposting notice (RQ-1121)

Dear Mr. Rodríguez:

You have requested our opinion as to whether a commissioners court may continue a meeting for a period of up to one week without reposting notice.

The Open Meetings Act, Government Code chapter 551, requires a governmental body to "give written notice of the date, hour, place, and subject of each meeting held by the governmental body." Gov't Code § 551.041. In *Rivera v. City of Laredo*, 948 S.W.2d 787 (Tex. App.--San Antonio 1997, writ denied), the court considered "[w]hether a governmental body must post notice under section 551.041 for a recessed meeting." As the court noted, the matter was one "of first impression for Texas courts." *Id.* at 793. The court relied on Attorney General Opinion H-1000, in which this office had held that a governmental body may recess "from day to day when it does not complete consideration of a particularly long subject so long as the action is in good faith and does not serve as an evasion of the Act." Attorney General Opinion H-1000 (1977). "This statement," according to *Rivera*, "seems to imply that the recess can only be to the next day." *Rivera*, 948 S.W.2d at 793. The *Rivera* court thus held that a two-day continuation without reposting notice constituted a violation of the Open Meetings Act:

> In the absence of a statutory provision to the contrary and in light of the attorney general opinion requiring notice of each daily session, we find that the City was required to post notice of its May 6th meeting before convening, regardless of whether it considered the meeting a continuation from a recessed meeting held two days previous.

*Id.*

In the situation you present, however, the governmental body is not a city council but a commissioners court, and you suggest that subsection 81.005(a) of the Local Government Code may dictate a result different from that of *Rivera*. That statute requires a commissioners court to "designate a day of week on which the court shall convene in a regular term each month." It further

provides that "[a] regular term may continue for one week but may be adjourned earlier if the court's business is completed." Because this statute specifically provides for a "term" of one week, you believe that a commissioners court may adjourn a posted meeting and reconvene at any time within the "term" without reposting notice.

According to David Brooks in *County and Special District Law*,

> [t]he matter of the commissioners court sitting at a certain term has primary relevance to the court's authority to rescind or modify an order, judicial in character, during any particular term or at subsequent terms. For example, a judicial act such as approving or disapproving a claim rescinded to the commissioners court cannot be rescinded at a subsequent term of the commissioners court.[1]

35 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 5.5 (Texas Practice 1989). In our opinion, the statutory provision permitting the continuation of a commissioners court's "term" for one week has no bearing on the issue of whether notice must be reposted under the Open Meetings Act. We believe that the standard adopted by the *Rivera* court--anything more than a day-to-day continuance requires reposting--is the proper one for the meetings of all governmental bodies. As the court there said, this result is mandated, *inter alia*, "in the absence of a statutory provision to the contrary." *Rivera*, 948 S.W.2d at 793. The authority granted to a commissioners court for a one-week "term" is not "a statutory provision to the contrary."

You also ask whether, if we answer your first question in the negative, a commissioners court may rely on subsection 81.005(h) of the Local Government Code, to continue a meeting to "a fixed alternate regular term day" without reposting notice. That section provides: "The commissioners court may designate a day of the week on which the court shall convene in a regular term each month other than the day of the week designated under Subsection (a)." For the same reasons we gave in answer to your first question, it is our opinion that this provision about the court's "term" is not relevant to the matter of whether it must repost for a continued meeting. On the basis of *Rivera*, we conclude that, if a meeting is continued to the following day, notice need not be reposted. If, however, it is continued to any subsequent day, the commissioners court must repost notice in accordance with section 551.041 of the Open Meetings Act.

---

[1] Brooks also states that "[t]he matter of recesses between sessions of the commissioners court brings into question whether the notices required under the Open Meetings Act must be posted before each session may be resumed. This question has not been definitively resolved." This statement was written, however, prior to the court's opinion in *Rivera*.

### S U M M A R Y

A commissioners court may continue a meeting from day to day without reposting notice under section 551.041 of the Open Meetings Act, chapter 551 of the Government Code. If a meeting is continued to any day other than the one immediately following, the commissioners court must repost notice.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General