

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 5, 1998

Ms. Carolyn Purcell
Executive Director
Department of Information Resources
P.O. Box 13564
Austin, Texas 78711-3564

Opinion No. DM-480

Re: Whether, under Government Code section 551.126, a governmental body must recess or adjourn a meeting held by videoconference call if technical difficulties render portions of the meeting inaccessible to the public at a remote location, and related question (RQ-1098)

Dear Ms. Purcell:

Under Government Code section 551.126(e),[1] if a governmental body chooses to conduct a meeting by videoconference call, each portion of the open meeting must be visible and audible to the public at each location listed in the meeting notice. Additionally, each location listed in the meeting notice must, in accordance with section 551.126(g), have two-way communication with each other location during the entire meeting. You ask whether a governmental body must recess or adjourn its meeting if technical difficulties render portions of the meeting inaccessible to the public at a remote location. We conclude that it must. You also ask whether the governmental body may avoid having to recess or adjourn the meeting in the event of technical difficulties by specifying in its meeting notice that, if technical difficulties occur, the quorum will continue to conduct its business. We conclude it may not.

As you point out, in 1997 the legislature adopted Government Code section 551.126 to permit a governmental body to hold a meeting via videoconference call.[2] The legislature's effort was motivated, at least in part, by a desire to overcome a 1993 opinion of this office in which we stated that a governmental body could not conduct a meeting by videoconference call in the absence of

---

[1]The Seventy-fifth Legislature adopted two versions of Government Code section 551.126. The first, Act of May 23, 1997, 75th Leg., R.S., ch. 944, § 1, 1997 Tex. Gen. Laws 2952, 2952, permits the Texas Higher Education Coordinating Board to hold an open meeting by telephone conference call or videoconference call in certain circumstances. The second, Act of May 30, 1997, 75th Leg., R.S., ch. 1038, § 1, 1997 Tex. Gen. Laws 3896, 3896-97, is the provision about which you ask. Throughout this opinion, we will use the term "section 551.126" to refer only to the provision about which you ask.

[2]See Senate Comm. on State Affairs, Bill Analysis, C.S.S.B. 839, 75th Leg., R.S. (1997); cf. House Comm. on State Affairs, Bill Analysis, H.B. 1772, 75th Leg., R.S. (1997) (analyzing bill that was substantially identical to S.B. 839 as finally passed).

express statutory authorization to the contrary.[3] Legislators apparently believed that, using existing technology, persons interested and participants in a public meeting can observe the demeanor of all participants.[4]

In our view, the language of the statute makes abundantly clear that the legislature intended the open portions of a meeting by videoconference call to be visible and audible to the public at every location the governmental body listed in its notice:

(a) Except as otherwise provided by this section, this chapter does not prohibit a governmental body from holding an open or closed meeting by videoconference call.

(b) A meeting may be held by videoconference call only if a quorum of the governmental body is physically present at one location of the meeting.

(c) A meeting held by videoconference call is subject to the notice requirements applicable to other meetings in addition to the notice requirements prescribed by this section.

(d) The notice of a meeting to be held by videoconference call must specify as a location of the meeting the location where a quorum of the governmental body will be physically present and specify the intent to have a quorum present at that location. In addition, the notice of the meeting must specify as a location of the meeting each other location where a member of the governmental body who will participate in the meeting will be physically present during the meeting. Each of the locations shall be open to the public during the open portions of the meeting.

(e) *Each* portion of a meeting held by videoconference call that is required to be open to the public *shall* be visible and audible to the public at *each* location specified under Subsection (d).

(f) The governmental body shall make at least an audio recording of the meeting. The recording shall be made available to the public.

(g) *Each* location specified under Subsection (d) shall have two-way communication with *each* other location during the *entire* meeting. *Each* participant in the videoconference call, while speaking, *shall* be clearly visible and audible to *each* other participant and, during the open portion of

---

[3]*See* House Comm. on State Affairs, Bill Analysis, H.B. 1772, 75th Leg., R.S. (1997); Attorney General Opinion DM-207 (1993) at 3.

[4]*See* House Comm. on State Affairs, Bill Analysis, H.B. 1772, 75th Leg., R.S. (1997); Attorney General Opinion DM-207 (1993) at 2-3 (citing Attorney General Opinion JM-584 (1986) at 4, 6).

the meeting, to the members of the public in attendance at a location of the meeting.

(h) The Department of Information Resources by rule shall specify minimum standards for audio and video signals at a meeting held by videoconference call. The quality of the audio and video signals perceptible at *each* location of the meeting *must* meet or exceed those standards.

(i) The quality of the audio and video signals perceptible by the members of the public at *each* location of the meeting *must*:

(1) meet or exceed the quality of the audio and video signals perceptible by the members of the governmental body participating in the meeting; and

(2) be of sufficient quality so that members of the public at *each* location of the meeting can observe the demeanor and hear the voice of each participant in the open portion of the meeting.

(j) Without regard to whether a member of the governmental body is participating in a meeting from a remote location by videoconference call, a governmental body may allow a member of the public to testify at a meeting from a remote location by videoconference call. [Emphasis added.]

Subsections (e), (g), (h), and (i) in particular compel us to conclude, in answer to your first question, that if, due to technical difficulties, members of the public gathered at a location listed in the subsection (d) notice cannot see or hear the open meeting, the meeting must be recessed or adjourned. As we read subsection (g), for example, if one listed location loses two-way communication with another listed location during any part of the open meeting, then the meeting will not satisfy the statute. Likewise, under subsections (h) and (i), if audio or video quality at any location listed in the notice fails to meet the statutory and regulatory standards,[5] members of the public at each location will be unable to observe the voice and demeanor of each participant in the open meeting. Consequently, the meeting cannot continue.[6]

We conclude, in answer to your second question, that a governmental body may not avoid having to recess or adjourn the meeting in the event of technical difficulties by stating in its notice that the meeting will continue in such an event. You suggest that proper notice to the public that the quorum of the governmental body will continue its meeting despite the technical difficulties will

---

[5] *See* Tex. Dep't of Information Resources, 22 Tex. Reg. 10870 (1997), *adopted* 23 Tex. Reg. 1302 (1998) (codified at 1 Tex. Admin. Code § 201.16).

[6] *But see Rivera v. City of Laredo*, 948 S.W.2d 787, 793 (Tex. App.--San Antonio 1997, writ denied) (finding that city violated Open Meetings Act by continuing recessed meeting two days after meeting convened without posting notice of continuation of meeting).

avoid having the members of the governmental body, who may have gathered at one location from far-flung points of the state and who may be uncompensated, wasting time and money while the difficulties are resolved.[7] While we understand your concerns, in our opinion Government Code section 551.126(d), (e) contemplates that a member of the public may choose whether to attend a governmental body's meeting at the location where the quorum is present or at a remote location. An agency that continues a meeting at the location where the quorum is present in spite of technical difficulties that make seeing or hearing the meeting impossible at a remote location violates subsection (e) by depriving citizens at the remote location of their right to see and hear the meeting. The notice you suggest in no way remedies this problem.

## S U M M A R Y

Under Government Code section 551.126, a governmental body must recess or adjourn an open meeting conducted via videoconference call if technical difficulties cause the quality of the audio or video signal to fall below the standards set by the Department of Information Resources. The governmental body cannot avoid this result by notifying the public that, should technical difficulties occur, the quorum of the governmental body will continue its open meeting.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General

---

[7]You articulate what you suggest to be sufficient notice: "If technical difficulties should cause the remote location(s) to become no longer open to the public during any portion of the meeting that is required to be open to the public, the remotely[]located member of the governing board will be deemed to have left the meeting, and the meeting will continue at the location where the quorum is physically present."