OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 19, 2000

The Honorable James L. Anderson, Jr.　　　　Opinion No. JC-0285
Aransas County Attorney
301 North Live Oak Street　　　　　　　　　Re:　Whether an executive session of a public
Rockport, Texas 78382　　　　　　　　　　meeting may be continued until the following day
　　　　　　　　　　　　　　　　　　　　(RQ-0233-JC)

Dear Mr. Anderson:

　　　You have requested our opinion as to the circumstances under which a governmental body may continue an executive session of a meeting subject to the Open Meetings Act. For the reasons set forth below, we conclude that it may continue the executive session only until the following day and must announce the continuation in open session on both days.

　　　You indicate that the board of commissioners of the Aransas County Navigation District No. 1, pursuant to the notice requirements of the Open Meetings Act, chapter 551, Government Code, convened an open session on March 21, 2000.[1] During the course of that meeting, the commissioners moved into executive session in accordance with the statutory requirements of section 551.101. *See* Request Letter note 1, at 1; *see also* TEX. GOV'T CODE ANN. § 551.101 (Vernon 1994) (requiring governmental body to convene in open meeting before entering closed session). Unable to conclude the business of the closed session on March 21, the board then reconvened in open session and announced that the board would recess the executive session until the following day and that the public portion of the meeting was officially adjourned. *See* Request Letter, *supra* note 1, at 1-2. On March 22, the board convened in closed session to conclude that portion of the meeting. *See id.* at 2. It is unclear from the information furnished us whether the commissioners first met in open session on March 22. *See id.*

　　　In Attorney General Opinion DM-482 (1998), this office concluded that a commissioners court was authorized to continue a meeting from day to day without re-posting notice under section 551.041 of the Open Meetings Act, but that if the meeting were continued to any day other than the one immediately following, the commissioners court was required to re-post notice. *See* Tex. Att'y Gen. Op. No. DM-482 (1998) at 2. The opinion relied both on the recent court decision in *Rivera*

---

　　　[1]*See* Letter from Honorable James L. Anderson, Jr., Aransas County Attorney, to Honorable John Cornyn, Texas Attorney General (May 5, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

*v. City of Laredo,* 948 S.W.2d 787 (Tex. App.–San Antonio 1997, pet. denied), and on a 1977 attorney general opinion. *Rivera* had held that a two-day recess in a public meeting was impermissible, while Attorney General Opinion H-1000 (1977), had sanctioned a recess "from day to day . . . so long as the action is in good faith and does not serve as an evasion of the Act." Tex. Atty. Gen. Op. No. H-1000 (1977) at 2. *See Rivera,* 948 S.W.2d at 793.

An executive session is not a separate event. It is rather an integral part of a public meeting and may not be held unless the governmental body first convenes in open session, and the presiding officer "announces that a closed meeting will be held" and "identifies the section or sections of [the Act] under which the closed meeting is held." TEX. GOV'T CODE ANN. § 551.101 (Vernon 1994). Thus, the result announced in Attorney General Opinion DM-482—that a meeting may be continued only from day to day—is equally applicable to executive sessions.

When we combine the principle of Attorney General Opinion DM-482 with the statutory requirements for holding an executive session, we may conclude that when a governmental body wishes to continue its executive session until the following day, it should return to open session and announce that fact. On the next day, it must first convene an open meeting and follow the directives of section 551.101 in order to resume the executive session.

You express concern that the meeting of the Aransas County Navigation District No. 1 was officially adjourned on March 21 and reconvened on March 22. *See* Request Letter, *supra* note 1, at 1-2. You indicate, however, that prior to that adjournment the board chairman had announced that the executive session would "recess" until the following day. *Id.* The term "adjourn" has no special significance under the Open Meetings Act. In the context you describe, it means "[t]o put off or defer . . . further proceedings to another day; to discontinue or dissolve it, in order to reconstitute it at another time or place." I OXFORD ENGLISH DICTIONARY 157 (2d ed. 1989). Indeed, the Texas Court of Criminal Appeals has held that, for purposes of article 20.08 of the Code of Criminal Procedure, which relates to grand jury proceedings, there is no distinction between "recess" and "adjournment." *Smith v. State,* 907 S.W.2d 522, 526 n.3 (Tex. Crim. App. 1995) (en banc). In our opinion, the mere use of the word "adjourn" in the context of your question carries no implication of intent to deceive, provided the chairman makes clear that the meeting will be resumed on the following day.

It is therefore our opinion that an executive session of a public meeting of a governmental body held in compliance with section 551.101 of the Government Code, which requires a quorum of the governmental body to announce the executive session after first convening in open session, may be continued until the following day, so long as, before convening the second-day executive session, the governmental body first meets in open session and complies with the requirements of section 551.101 of the Government Code. You also ask whether the board of the Aransas County Navigation District No. 1 violated the Open Meetings Act in three particular instances. Because

those matters require factual inquiries, their resolution is not appropriate to an attorney general's opinion.[2]

## S U M M A R Y

An executive session of a public meeting of a governmental body held in compliance with section 551.101 of the Government Code, which requires a quorum of the governmental body to announce the executive session after first convening in open session, may be continued until the following day, so long as, before convening the second-day executive session, the governmental body first meets in open session and complies with the requirements of section 551.101 of the Government Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee

---

[2]*See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ("[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").