

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

March 9, 2000

The Honorable Becky B. McPherson
District Attorney
110th Judicial District
Floyd County Courthouse
P.O. Box 10
Floydada, Texas 79235-0010

Opinion No. JC-0191

Re: Whether a person who was ineligible when appointed county attorney becomes eligible when she fulfills the residency requirement (RQ-0127-JC)

Dear Ms. McPherson:

You ask whether a person who was ineligible to hold office as county attorney because she had not resided in the county for six months when appointed can be sworn in at the expiration of the six-month period without further action by the commissioners court, or whether the court must take formal action to appoint her when she fulfills the residency requirements. In our view, if an appointment to office is invalid when made because the appointee has failed to fulfill a statutory residency requirement, such an appointment cannot be validated without formally being reconsidered and the vote re-taken by the appointing body.

As you describe the situation prompting your request, the Commissioners Court of Motley County appointed as county attorney a person who, at the time of her appointment, had not been resident in the county for a period of six months. Further, you suggest that when apprised of this, the county judge asserted on advice of counsel that any invalidity could be cured by having the appointee simply wait to be sworn into office until she had been resident in the county for six months.

The Motley County Judge, on the other hand, asserts that these facts are in dispute, that the question of when the person appointed county attorney "established her residence has not been settled," and that there are "many. . . factors . . . a judge could use to clearly decide" that the person in question was in fact "a resident of Motley County, Texas at the time the Motley County Commissioners appointed her the Motley County Attorney." Letter from Laverna M. Price, Motley County Judge, to Honorable John Cornyn, Attorney General, (Jan. 25, 2000) (on file with Opinion Committee).

The question of whether any particular person is eligible or ineligible on the basis of residency to serve in an office requires the resolution of questions of fact, an activity in which this office does not engage in the opinion process. We will therefore assume as an hypothesis for the purpose of your inquiry that the person in question had not resided in the county for six months at

the time of her appointment. We caution, however, that such an assumption is in no way a decision by this office as to the facts of the particular case.

Pursuant to section 141.001 of the Election Code, "To be eligible to be . . . appointed to, a public elective office . . . a person must . . . have resided continuously . . . in the territory from which the office is elected for six months immediately preceding . . . the date the appointment is made . . . ." TEX. ELEC. CODE ANN. § 141.001(a)(5)(E) (Vernon 1986). The office of county attorney is a "public elective office." TEX. CONST. art. V, § 21. Accordingly, this office has ruled that to be appointed county attorney, "a prospective appointee must have been a resident of the county for six months immediately preceding the date of his or her appointment." Tex. Att'y Gen. LO-95-086, at 1. An attempt to appoint as county attorney a person who did not fulfill this residency requirement would therefore be invalid.

You ask in effect whether such an invalid appointment could be cured by having the county attorney sworn in only when she had in fact been resident in the county for six months. In our view, the language of the statute answers your question in the negative. To be eligible, the appointee must have resided in the county for six months as of "the date the appointment is made." TEX. ELEC. CODE ANN. § 141.001(a)(5)(E) (Vernon 1986). "Appointment" here is clearly the nomination. When, as in this case, a term is undefined by the statute, we are charged to give it its ordinary or common meaning. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). "Appointment," in this sense, is defined by the Oxford English Dictionary as "[t]he action of nominating to, or placing in, an office. . . ." I OXFORD ENGLISH DICTIONARY 579 (2d ed. 1989). If the only "appointment" occurred on a date certain, when the candidate did not meet the residency requirement, it will remain the case that as of that date the requirement cannot be met. The putative fact at issue—namely, that a particular person had not maintained a particular residency for six months preceding a particular date—is unchanging. An effective appointment at a later date when the candidate satisfied the residency condition, therefore, would require formal reconsideration and action by the commissioners court.

We note, however, that the question of a public official's right to hold his or her office is generally not subject to collateral attack. It has been said that "the only situation in which a public official's office can be challenged in an action other than a quo warranto proceeding is where a violation of the Open Meetings Act is asserted." *Rivera v. City of Laredo*, 948 S.W.2d 787, 791 (Tex. App.–San Antonio 1997, writ denied). In *Rivera*, plaintiffs challenged employment actions taken by a person who had been appointed police chief of Laredo, Texas in a city council meeting which plaintiffs alleged violated the Open Meetings Act. While the Court of Appeals held that the Open Meetings Act permitted this collateral challenge, and indeed found that the individual's "appointment as police chief is void," *id.* at 793, it did not invalidate the employment actions he had taken as chief, on the grounds that he was the chief *de facto*. *Id.* at 794. As the opinion explains, a public official is a *de facto* officer when, *inter alia*, he acts "under color of a known election or appointment, *void because the officer was not eligible*, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such

ineligibility, want of power, or defect being unknown to the public." *Id.* (*quoting Forwood v. City of Taylor,* 208 S.W.2d 670, 673 (Tex. Civ. App.–Austin 1948, writ denied) (emphasis added)).

Following *Rivera,* then, it is our view that, should the facts be as you aver, the county attorney's right to office is subject to challenge only by quo warranto proceedings. Should her appointment be invalid, her acts in office would likely be held valid by a court under the *de facto* officer doctrine. We note further that a *de facto* officer is entitled to payment for services rendered, though not for services not rendered. *Harris County v. Hunt,* 388 S.W.2d 459, 465 (Tex. Civ. App.–Houston [1st Dist.] 1965, no writ). Accordingly this office in Attorney General Opinion JM-989 (1988) concluded that the Comptroller of Public Accounts might pay a visiting judge whose appointment was improper, but who had sat and rendered service. Tex. Att'y Gen. Op. No. JM-989 (1988). Whether or not the hypothesis that the Motley County Attorney was ineligible at the time of her appointment is correct, therefore, she is entitled to compensation for services rendered.

## S U M M A R Y

A person who has not resided in a county for six months immediately prior to her appointment as county attorney is ineligible for that office. Should the commissioners court wish to confirm such a person in the office to which such original appointment was invalid, it may do so only by a formal repetition of the appointment at such time as she is eligible for office.

The general remedy for the holding of public office by an ineligible person is a quo warranto proceeding. A public official's right to office is not ordinarily subject to collateral attack. The acts of such a public official may be valid under the *de facto* officer doctrine. A *de facto* officer is entitled to compensation for services rendered, and accordingly the Motley County Attorney, whether qualified or not at the time of her appointment, is entitled to such compensation.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee