WILL HARDAWAY v. THE STATE.

No. 12715.   Delivered November 13, 1929.
Rehearing denied January 8, 1930.

The opinion states the case.

*P. R. Rowe* of Livingston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

A witness for the state testified that he bought a pint of whiskey from appellant on or about the fifteenth of April, 1927.   He said appellant asked one dollar and twenty five cents a pint, and that having only paid appellant one dollar he was still due him twenty five cents.   He described the whisky as being red, gave a description of the bottle and described the place where the transaction was had.   No attempt was made by appellant to impeach the state's witness.   Appellant offered no testimony.

Appellant questioned the authority of the trial judge to sit as judge of the district court of Polk County in which appellant's

case was tried. It appears that the trial judge had theretofore been duly elected and had qualified as required by law. At a general election held in 1928 it was determined that Hon. S. A. McCall had defeated the judge trying the instant case. At the instance of the trial judge, an injunction was issued by the district court of Montgomery County restraining Hon. S. A. McCall from receiving his certificate of election and from qualifying as judge of the district embracing Polk County. At the time of the instant trial the injunction was in effect and the Hon. S. A. McCall had not qualified. This court is not concerned with the controversy between the Hon. S. A. McCall and the judge trying this case. Section 17 of Article 16 of our Constitution provides that "all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." The Hon. S. A. McCall not having qualified for the office to which he had been elected, the judge trying the instant case was within the purview of this provision in continuing to perform the duties of the office of the district judge.

Acting without a warrant of arrest, a deputy sheriff went to appellant's house for the purpose of arresting him. Upon entering the house he found a gallon glass jar containing approximately a quart of whiskey. He testified to this fact over a proper objection interposed by appellant. We deem is unnecessary to decide whether appellant's objection was well taken. The testimony of the state's witness to the effect that he bought whiskey from appellant was uncontradicted. This witness stood before the jury unimpeached. By his testimony appellant's guilt was made plain beyond question. If the testimony of the officer concerning the finding of the whiskey in appellant's residence was inadmissible, the fact that appellant's guilt is shown beyond question by uncontradicted legal evidence, and the further fact that appellant received the minimum penalty, would, in our opinion, render harmless the reception of the alleged illegal testimony. Cox v. State, 12 S. W. (2d) 586.

Bill of exception No. 3 presents the following occurrence: The district attorney asked the state's witness John Hardy upon redirect examination if he had ever been in any trouble with appellant. The witness answered that he had never been in any trouble with appellant in his life. Appellant objected to the question and answer on the ground that said question and answer were irrelevant, prejudicial and inadmissable for any purpose and on the further ground that appellant had not attacked the credibility of the state's witness and had not attempted to show any prejudice or ill-feeling

on the part of said witness against appellant. There is nothing in the bill of exception that would verify the truth of appellant's objections. The bill contains a mere statement of the ground of objection. It is the rule that a mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code of Texas, section 209, page 134; Edelen v. State, 103 Tex. Cr. R. 562, 281 S. W. 1078; Buchanan v. State, 298 S. W. 569. The bill not being sufficient to enable us to determine whether the trial court committed error in the matter complained of, we must presume that the court's ruling was correct.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We think none of the cases cited by appellant goes so far as to support his proposition that under no circumstances could the deputy sheriff's testimony—if inadmissible —be held harmless. In the McWilliams case, 44 Texas 117, which seems to be relied on as the leading authority, the witness whose testimony was affected by the illegal evidence had been indicted for the same offense and the prosecution against him had been dismissed; this at least left the witness in a very unenviable attitude before the jury. An examination of the other cases to which we are referred reveals that the evidence there improperly admitted was pertinent to some *controverted* issue. In the present case the evidence of a sale of intoxicating liquor by appellant was not questioned in any way and no facts appear which cast reflection of any kind upon the witness testifying to said sale. Under the circumstances we feel constrained to adhere to the conclusion announced in our original opinion.

The authority of the judge to preside in the trial of the case seems not open to serious question.

The motion for rehearing is overruled.

*Overruled.*