CITY OF ARLINGTON V. SCALF

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-02-072-CV

        2-02-082-CV

CITY OF ARLINGTON APPELLANT

V.

LAWRENCE G. SCALF APPELLEE

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

In these consolidated appeals, the City of Arlington (“the City”) appeals from the trial court’s denial of its plea to the jurisdiction and, with our permission, the trial court’s grant of partial summary judgment in favor of Lawrence G. Scalf.  We reverse and render.  

FACTUAL AND PROCEDURAL BACKGROUND

The Street Maintenance Fee

On October 24, 2000, the Arlington City Council adopted an ordinance that established a street maintenance fee and provided that the collected fees would be placed in a separate fund and used solely for the maintenance, rehabilitation, and repair of city streets.  The street maintenance fee was included in the combined utility bill as a separate item on the water utility statement.  For separately metered residential accounts, the fee was $2.60 per month.  For apartment, duplex, and other multi-family accounts, the fee was $1.30 per month.  For non-residential accounts, the fee was calculated based on the total square footage of impervious area per property (parking) and apportioned among the utility account holders owning, using, or occupying the property. 

On October 2, 2001, the city council enacted an ordinance that repealed  the prior ordinance and adopted a new street maintenance fee.  Under the new ordinance, the fee for residential properties was $2.00 per month, with no distinction made between single- and multi-family residences.  The fee for non-residential properties was based on a formula relating to the size of the property and the number of motor vehicle trips the property generates.

On October 8, 2002, the city council enacted an ordinance that repealed the street maintenance fee, effective January 1, 2003. 

The Lawsuit

Scalf sued the City, which is a home rule municipality, alleging that the street maintenance fee was unlawful because it was a tax that the City was not authorized to impose.  Scalf also raised constitutional challenges, alleging the street maintenance fee violated his equal protection and due process rights, was void for vagueness, and provided no mechanism for redress of unlawful collection of the tax.  Scalf sought an injunction to prohibit the City from collecting the street maintenance fee and to require the City to refund the full amount of street maintenance fees collected.  Scalf also asserted that the City had violated the Texas Debt Collection Act, and he brought a civil rights action under 42 U.S.C. § 1983.  Scalf, an Arlington resident, brought the suit on his own behalf and on behalf of the proposed class of persons who had been billed for the street maintenance fee.  

The City asserted a plea to the jurisdiction, arguing that the trial court did not have jurisdiction because Scalf did not have standing to sue, Scalf’s claim did not meet the $500 amount-in-controversy requirement, and the City was immune from suit. 
 Scalf moved for partial summary judgment on all of his claims except class certification.  The trial court denied the City’s plea to the jurisdiction and granted Scalf’s motion for partial summary judgment; however, no injunctive relief has been ordered.  

At the parties’ request, the trial court also issued a written order for interlocutory appeal of the partial summary judgment.  
See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 51.014(d) (Vernon Supp. 2003 ).  We permitted appeal of the partial summary judgment and consolidated that appeal with the City’s appeal from the trial court’s denial of the plea to the jurisdiction.  
See id. 
§ 51.014(a)(8), (f).

PLEA TO THE JURISDICTION

Standing

In its first issue, the City asserts that Scalf lacks standing to bring a taxpayer suit.  Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court’s power to decide a case.  
Bland Indep. Sch. Dist. v. Blue, 
34 S.W.3d 547, 553-54 (Tex. 2000); 
Tex. Ass’n of Bus. v. Tex. Air Control Bd., 
852 S.W.2d 440, 443 (Tex. 1993).  Because standing is a component of subject-matter jurisdiction, we review a trial court’s determination of standing de novo.  
Mayhew v. Town of Sunnyvale, 
964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999); 
Hairgrove v. City of Pasedena, 
80 S.W.3d 703, 705 (Tex. App.—Houston [1
st
 Dist.] 2002, pet. denied).    

The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as the City has done in this case.  
Bland, 
34 S.W.3d at 554.  A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit.  
Id.  
The claims may form the context in which a dilatory plea is raised, but the plea should be decided without delving into the merits of the case.  
Id.  
When necessary, we consider evidence relevant to the jurisdictional issue.  
Id. 
at 555.   In general, taxpayers do not have a right to bring suit to contest government decision-making.  
Id
.  Unless standing is conferred by statute, taxpayers must show that they have suffered a particularized injury distinct from that suffered by the general public in order to have standing to challenge a government action or assert a public right.
(footnote: 1)  
Id. 
at 555-56.

Scalf does not claim that any statute authorizes him to sue the City concerning the street maintenance fee, nor did Scalf plead that he has suffered some particularized injury distinct from that suffered by the general public.  To the contrary, Scalf brought the lawsuit not only on his own behalf but also on behalf of the class of all persons who received water utility service from the City and who received a bill for the service that contained a charge for the street maintenance fee.  Indeed, Scalf pleaded that his claims are typical of those of the potential class members.  In his brief, Scalf argues that he suffers injury separate and apart from the general public because he is a customer of the City’s water utility while other Arlington residents or taxpayers are not.  The fee, however, was charged to water utility customers only, and Scalf fails to show how he suffers any unique harm different from that suffered by the thousands of other Arlington property owners who are also customers of the City’s water utility who were assessed the street maintenance fee.  Thus, we conclude that Scalf has not suffered any particularized injury that would authorize him to sue the City concerning the street maintenance fee regardless of whether it is a fee or a tax.  Consequently, the trial court erred by denying the City’s plea to the jurisdiction because Scalf did not have standing.  We sustain issue one.
(footnote: 2)
CONCLUSION

We reverse the trial court’s denial of the City’s plea to the jurisdiction and granting of Scalf’s partial summary judgment and render judgment dismissing the underlying lawsuit for want of jurisdiction.  
See 
Tex. R. App. P.
 43.2(c). 

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

DELIVERED:  August 28, 2003

FOOTNOTES
1:
A long-standing exception to this general rule is that a taxpayer has standing to sue in equity to enjoin the illegal expenditure of public funds, even without showing a distinct injury.  
Bland, 
34 S.W.3d at 556; 
Hoffman v. Davis, 
128 Tex. 503, 100 S.W.2d 94, 95 (1937).  Scalf does not claim, however, that the City’s expenditure of the funds was illegal, so this exception does not apply. 

2:
Consequently, we need not address the City’s other issues concerning either the plea to the jurisdiction or the partial summary judgment.