**Erleigh NORVILLE, Appellant,**

v.

**Joe M. PARNELL, Appellee.**

**No. 05–02–01902–CV.**

Court of Appeals of Texas, Dallas.

Oct. 30, 2003.

Charles Sartain, Looper, Reed, Mark & McGraw, Dallas, Ryan Michael Sweeney, Ryan Sweeney, P.C., Austin, Andrea Plumlee, Plumlee & Associates P.C., Dallas, for Appellant.

Robert M. Greenberg, Arlington, Harold D. Hammett, Fort Worth, for Appellee.

Before Chief Justice THOMAS and Justices MOSELEY and LANG.

## OPINION

Opinion by Chief Justice THOMAS.

This appeal involves the November 5, 2002 general election for Kaufman County court at law judge. Unofficial results showed Erleigh Norville defeated the incumbent, Joe M. Parnell. Parnell then sought and obtained a judgment declaring Norville ineligible for office and enjoining her from being declared winner. Norville appealed.

We must decide whether Parnell, as the defeated incumbent, has standing to individually challenge Norville's eligibility to take office. In other words, the question is whether this type of action must be brought as a "quo warranto" proceeding in which the State of Texas is a party. We conclude that whether a candidate who received the majority of the vote in a general election is eligible to be certified as winner of the election is exclusively a matter of public concern and any post-election suit challenging the winning candidate's eligibility must be prosecuted by the State in a writ of quo warranto. Consequently, Parnell does not have standing to bring this suit. We vacate the trial court's judgment and dismiss the case.

On December 11, 2001, Norville filed her application as a Republican candidate for county court at law judge. On the application, she asserted she had seven months of "continuous residence" in Kaufman County, although the statute requires a judge of a statutory county court at law to have "resided in the county for at least two years before election or appointment[.]" *See* TEX. GOV'T CODE ANN. § 25.0014(2) (Vernon Supp.2003). Parnell, the Democratic incumbent seeking reelection, knew there was an issue with Norville's residency even before Norville filed her candidacy; however, once Norville filed, Parnell did not raise the issue with the Republican

Party chairman or anyone else because he believed he would win the election and any suit would be unnecessary. After the general election results showed Norville defeated him, Parnell filed suit in his individual capacity as a candidate for the office and sought an injunction pursuant to section 273.081 of the Texas Election Code.

In his petition, Parnell asked the trial court to (1) declare Norville ineligible to take office and (2) enjoin the Kaufman County Commissioners Court from certifying her as winner. As harm, he asserted he "would be wrongfully deprived of his right to seek appointment to the office" if Norville were certified as winner. After a hearing, the trial court found that Norville had not resided in Kaufman County for two consecutive years before the general election date as required by statute and enjoined the county judge and commissioners from certifying her as winner and from issuing her a certificate of election. Further, the trial court enjoined Norville from seeking or obtaining from anyone a certificate of election for the county court at law post in Kaufman County.

Proceedings in the nature of quo warranto challenge a person's right to hold a public office; such proceedings have been authorized by statute since 1879. *Rivera v. City of Laredo,* 948 S.W.2d 787, 790 (Tex.App.-San Antonio 1997, writ denied); *see* Act of July 9, 1879, 16th Leg., S.S., ch. 48, § 1, 1879 Tex. Gen Laws 75, 75, reprinted in 9 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 43, 43 (Austin, Gammel Book Co. 1898) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 66.001 (Vernon 1997)). It is the exclusive remedy afforded to the public by which it may protect itself against the usurpation or unlawful occupancy of a public office by an illegal occupancy. *Hamman v. Hayes,* 391 S.W.2d 73, 74 (Tex.Civ.App.-Beaumont 1965, writ ref'd).

Neither side has cited us to any case, nor did our research locate one, involving a defeated incumbent challenging the eligibility of his opponent post-election. We have, however, been directed to two cases that we believe are similar to our situation. *See Allen v. Fisher,* 118 Tex. 38, 9 S.W.2d 731 (1928); *Sadler v. Newton,* 541 S.W.2d 194 (Tex.Civ.App.-Austin 1976, no writ).

*Allen* and *Sadler* both involved losing candidates seeking to enjoin officials from certifying as party nominees the winners of the primary elections. In both cases, the plaintiffs argued the winner was not eligible to serve. *See Allen,* 9 S.W.2d at 731 (asserting candidate did not meet residency requirements); *Sadler,* 541 S.W.2d at 195 (asserting candidate was constitutionally ineligible because he voted for increase in the salary of the office in same term in which he ran).

The *Allen* court determined the plaintiff's petition did not show he had a legal right, distinct from the general public, that would be affected by his opponent's certification. *Allen,* 9 S.W.2d at 732. The court concluded that under the facts of the case, certifying the candidate's name as the Democratic Party nominee and placing his name on the ballot were "matters of public concern exclusively" and any suit had to be prosecuted by the State. *Sadler,* relying on *Allen,* reached the same result. *Sadler,* 541 S.W.2d at 196–97.

We conclude that under the facts of this case, Norville's eligibility to take office as the judge of the county court at law is a matter of public concern. Parnell is not challenging the results of the election; rather, he acknowledges he was defeated by Norville. In his petition, he sued "in his individual capacity as candidate for Judge, County Court at Law, Kaufman County." The only harm he alleged was that, if the commissioners court declared

Norville the winner, he would be prevented from seeking appointment to the court. This harm, in our view, is not distinct from the general public; rather, any number of Kaufman County residents may seek to fill the vacancy left in the event Norville is ruled ineligible to serve.

In reaching this conclusion, we reject Parnell's argument that he also has a distinct interest separate from the general public because he is the incumbent. Relying on article 16, section 17 of the Texas Constitution, Parnell asserts he is constitutionally "required" to remain in office until a successor is properly qualified and thus has constitutional standing to preserve the office from being taken by an unqualified candidate.

Article 16, section 17 provides: "All officers within this State shall continue to perform the duties of their offices until their successor shall be duly qualified." TEX. CONST. art. 16, § 17. This provision vests authority in Parnell, as a holdover judge, to perform the duties of the office. *See Hardaway v. State*, 113 Tex.Crim. 436, 22 S.W.2d 919, 920 (1929).

Similarly, we reject Parnell's argument that he has an interest different than the public at large because he has a property right to the office. We state the obvious when we stress that Norville's ineligibility, if so determined in the future, does not have the legal result that Parnell remains in office. This is simply not an "either-or" proposition; Parnell lost the election and cannot be certified as the winner. Any right to the office that Parnell now enjoys is merely by virtue of the above-quoted constitutional provision and is temporary and limited. We conclude that limited and temporary interest is not the type which gives rise to individual standing in a post-election case involving a matter of public concern such as the eligibility of the winning candidate.

We conclude Parnell has no standing to prosecute this suit. Accordingly, we vacate the trial court's judgment and dismiss the case.