Darrel COX, Appellant

v.

Rick PERRY, Governor, Geoffrey S. Connor, Secretary of State, and William Wade Zedler, Appellees.

No. 2–03–128–CV.

Court of Appeals of Texas, Fort Worth.

May 27, 2004.

Jason C.N. Smith, Art Brender, Fort Worth, for Appellant.

Andy Taylor, Amanda Peterson, Houston, Greg Abbott, Barry R. McBee, Edward D. Burbach, R. Ted Cruz, Rance L. Craft, Cassandra Burke Robertson, Kathlyn C. Wilson, Austin, for Appellee.

PANEL B: DAUPHINOT and GARDNER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

On October 28, 2002, Appellant, Darrel Cox, filed this suit against Appellees, William Wade Zedler, Governor Rick Perry, and Secretary of State Gwyn Shea[1] to declare Zedler ineligible to take office for State Representative District 96 and to enjoin Perry and Shea from issuing a certificate of election. On October 31, 2002, the trial court granted a temporary injunction enjoining Zedler's certification. On November 5, 2002, Zedler won the general election. On November 19, 2002, the trial court denied Cox's application for permanent injunction and granted Appellees' motion to dismiss and plea to the jurisdiction, vacating the temporary injunction and dismissing the case. Cox now appeals. Because we hold that Cox did not have standing to bring this suit, we affirm the trial court's judgment.

### FACTS

In 2000, Zedler unsuccessfully ran for State Representative District 96, the district in which the house he had lived in since 1978 was located. In 2001, the legislature redistricted and Zedler's house was moved to District 94. Zedler decided to run again in the 2002 election for representative in the district he had lived in from 1978 to 2001. Because a candidate must reside for one year before the day of the election in the district in which he is running,[2] Zedler rented an apartment in District 96.

The record does not clearly reflect when Cox, the Democratic candidate, became aware that there was an issue with Zedler's residency, nor does it reflect whether Cox raised the issue with the Republican Party chairman or anyone else. The record merely reflects that Cox did not file this suit seeking an injunction pursuant to section 273.081 of the Texas Election Code until after early voting for the general election had begun.

In his petition, Cox asked the trial court to (1) declare Zedler ineligible to take office and (2) enjoin Perry and Shea from certifying him as winner. As harm, he asserted he "was in danger of being harmed by the issuance of the Certificate of Election to Zedler." After a hearing, the trial court found that Zedler had not established residence in District 96 and did not fulfill the residency requirement for office of State Representative. The trial court, however, denied the application for permanent injunction to enjoin Perry and Shea from issuing a certificate of election

---

1. *See* TEX.R.APP. P. 7.2(a) (requiring the substitution of Geoffrey S. Connor, the current Texas Secretary of State, for Gwyn Shea in this appeal).

2. *See* TEX. CONST. art. 3, § 7.

and dismissed the case on the basis of no subject matter jurisdiction.

## STANDING

■ Standing is an implicit element of subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case.[3] The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as Appellees have done in this case.[4] A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit.[5] The claims may form the context in which a dilatory plea is raised, but the plea should be decided without delving into the merits of the case.[6] When necessary, we consider evidence relevant to the jurisdictional issue.[7]

■ We must decide whether Cox, as the defeated candidate who filed suit after voting had begun in a general election, has standing to individually challenge Zedler's eligibility to take office. In other words, the question is whether this type of action must be brought as a "quo warranto" proceeding by the State of Texas.

## QUO WARRANTO

■ Quo warranto proceedings are brought by the State of Texas to challenge a person's right to hold a public office; such proceedings have been authorized by statute since 1879.[8] It is the exclusive remedy afforded to the public to protect itself against the usurpation or unlawful occupancy of a public office by an illegal occupancy.[9]

Neither side has cited us to any case, nor did we find any, involving a defeated candidate for State Representative challenging the eligibility of his opponent *after* general election voting had begun. We have, however, been directed to one case that is instructive.[10]

*Norville v. Parnell* also involved an appeal of a losing candidate in the November 5, 2002 general election.[11] Norville and Parnell were candidates for Kaufman County Court at Law Judge.[12] Unofficial results showed that Norville defeated the incumbent, Parnell.[13] Parnell then sought and obtained a judgment declaring Norville ineligible for office and enjoining her from being declared winner.[14] The Dallas Court of Appeals reversed the trial court's

3. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993); *see also Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex.2000); *City of Arlington v. Scalf,* 117 S.W.3d 345, 347 (Tex.App.-Fort Worth 2003, pet. denied).

4. *Bland,* 34 S.W.3d at 554; *Scalf,* 117 S.W.3d at 347.

5. *Bland,* 34 S.W.3d at 554; *Scalf,* 117 S.W.3d at 347.

6. *Bland,* 34 S.W.3d at 554; *Scalf,* 117 S.W.3d at 347.

7. *Bland,* 34 S.W.3d at 555; *Scalf,* 117 S.W.3d at 347.

8. *Norville v. Parnell,* 118 S.W.3d 503, 505 (Tex.App.-Dallas 2003, pet. denied); *Rivera v.*

*City of Laredo,* 948 S.W.2d 787, 790 (Tex. App.-San Antonio 1997, writ denied); *see* Act of July 9, 1879, 16th Leg., S.S., ch. 48, § 1, 1879 Tex. Gen. Laws 75, 75, reprinted in 9 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 43, 43 (Austin, Gammel Book Co. 1898) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 66.001 (Vernon 1997)).

9. *Norville,* 118 S.W.3d at 505.

10. *See id.* at 504–05.

11. *Id.* at 504.

12. *Id.*

13. *Id.*

14. *Id.*

judgment, holding that Parnell did not have standing because the issue of a winning candidate's eligibility is a matter of public concern and must be prosecuted by the State in a writ of quo warranto.[15]

 Under the facts of this case, Zedler's eligibility to take office as State Representative District 96 is a matter of public concern.[16] Cox is not challenging the results of the election; rather, he acknowledges he was defeated by Zedler. In his petition, he sued "as candidate for State Representative, District 96." The only harm he alleged was that he "is being harmed or is in danger of being harmed by a violation" of the election code if Perry and Shea declared Zedler the winner.[17] Any such harm, in our view, is not distinct from harm to the general public. Thus, the limited and temporary interest that a candidate for office has is not the type that gives rise to individual standing in a post-election case involving a matter of public concern such as the eligibility of the winning candidate. We conclude that whether a candidate who received the majority of the votes in a general election is eligible to be certified as winner of the election is exclusively a matter of public concern. We therefore conclude that any post-election suit challenging the winning candidate's eligibility must be prosecuted by the State in a writ of quo warranto.[18] Consequently, Cox does not have standing to bring this suit.

### CONCLUSION

Because we hold that Cox has no standing to prosecute this suit, we affirm the trial court's judgment.

---

**15.** *Id.*

**16.** *Id.* at 506; *cf. Allen v. Fisher*, 118 Tex. 38, 9 S.W.2d 731, 732 (1928) (losing party candidate seeking to enjoin officials from certifying party nominee the winner of the primary election because candidate did not meet residency requirements); *Sadler v. Newton*, 541 S.W.2d 194, 195 (Tex.App.-Austin 1976, orig. proceeding [leave denied]) (losing party candidate seeking to enjoin officials from certifying party nominee the winner of the primary election because candidate was constitutionally ineligible, having voted for increase in the salary of the office in same term in which he ran).

**17.** *See* Tex. Elec.Code Ann. § 273.081 (Vernon 2003).

**18.** *Norville*, 118 S.W.3d at 506.