COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-128-CV
  
  
DARREL 
COX                                                                        APPELLANT
 
V.
 
RICK 
PERRY, GOVERNOR,                                                       APPELLEES
GEOFFREY 
S. CONNOR,
SECRETARY 
OF STATE, AND
WILLIAM 
WADE ZEDLER
 
  
------------
 
FROM 
THE 153RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        On 
October 28, 2002, Appellant, Darrel Cox, filed this suit against Appellees, 
William Wade Zedler, Governor Rick Perry, and Secretary of State Gwyn Shea[1] to declare Zedler ineligible to take office for State 
Representative District 96 and to enjoin Perry and Shea from issuing a 
certificate of election. On October 31, 2002, the trial court granted a 
temporary injunction enjoining Zedler’s certification. On November 5, 2002, 
Zedler won the general election. On November 19, 2002, the trial court denied 
Cox’s application for permanent injunction and granted Appellees’ motion to 
dismiss and plea to the jurisdiction, vacating the temporary injunction and 
dismissing the case. Cox now appeals. Because we hold that Cox did not have 
standing to bring this suit, we affirm the trial court’s judgment.
Facts
        In 
2000, Zedler unsuccessfully ran for State Representative District 96, the 
district in which the house he had lived in since 1978 was located. In 2001, the 
legislature redistricted and Zedler’s house was moved to District 94. Zedler 
decided to run again in the 2002 election for representative in the district he 
had lived in from 1978 to 2001. Because a candidate must reside for one year 
before the day of the election in the district in which he is running,[2]  Zedler rented an apartment in District 96.
        The 
record does not clearly reflect when Cox, the Democratic candidate, became aware 
that there was an issue with Zedler’s residency, nor does it reflect whether 
Cox raised the issue with the Republican Party chairman or anyone else. The 
record merely reflects that Cox did not file this suit seeking an injunction 
pursuant to section 273.081 of the Texas Election Code until after early voting 
for the general election had begun.
        In 
his petition, Cox asked the trial court to (1) declare Zedler ineligible to take 
office and (2) enjoin Perry and Shea from certifying him as winner. As harm, he 
asserted he “was in danger of being harmed by the issuance of the Certificate 
of Election to Zedler.” After a hearing, the trial court found that Zedler had 
not established residence in District 96 and did not fulfill the residency 
requirement for office of State Representative. The trial court, however, denied 
the application for permanent injunction to enjoin Perry and Shea from issuing a 
certificate of election and dismissed the case on the basis of no subject matter 
jurisdiction.
Standing
        Standing 
is an implicit element of subject-matter jurisdiction, and subject-matter 
jurisdiction is essential to a court's power to decide a case.[3]  
The absence of subject-matter jurisdiction may be raised by a plea to the 
jurisdiction, as Appellees have done in this case.[4]  
A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat 
a cause of action without regard to whether the claims asserted have merit.[5]  The claims may form the context in which a dilatory 
plea is raised, but the plea should be decided without delving into the merits 
of the case.[6]  When necessary, we consider 
evidence relevant to the jurisdictional issue.[7]
        We 
must decide whether Cox, as the defeated candidate who filed suit after voting 
had begun in a general election, has standing to individually challenge 
Zedler’s eligibility to take office. In other words, the question is whether 
this type of action must be brought as a “quo warranto” proceeding by the 
State of Texas.
Quo Warranto
        Quo 
warranto proceedings are brought by the State of Texas to challenge a person’s 
right to hold a public office; such proceedings have been authorized by statute 
since 1879.[8]  It is the exclusive remedy 
afforded to the public to protect itself against the usurpation or unlawful 
occupancy of a public office by an illegal occupancy.[9]
        Neither 
side has cited us to any case, nor did we find any, involving a defeated 
candidate for State Representative challenging the eligibility of his opponent after 
general election voting had begun. We have, however, been directed to one case 
that is instructive.[10]
        Norville 
v. Parnell also involved an appeal of a losing candidate in the November 5, 
2002 general election.[11]  Norville and Parnell 
were candidates for Kaufman County Court at Law Judge.[12]  
Unofficial results showed that Norville defeated the incumbent, Parnell.[13]  Parnell then sought and obtained a judgment 
declaring Norville ineligible for office and enjoining her from being declared 
winner.[14]  The Dallas Court of Appeals 
reversed the trial court’s judgment, holding that Parnell did not have 
standing because the issue of a winning candidate’s eligibility is a matter of 
public concern and must be prosecuted by the State in a writ of quo warranto.[15]
        Under 
the facts of this case, Zedler’s eligibility to take office as State 
Representative District 96 is a matter of public concern.[16]  
Cox is not challenging the results of the election; rather, he acknowledges he 
was defeated by Zedler. In his petition, he sued “as candidate for State 
Representative, District 96.” The only harm he alleged was that he “is being 
harmed or is in danger of being harmed by a violation” of the election code if 
Perry and Shea declared Zedler the winner.[17]  
Any such harm, in our view, is not distinct from harm to the general public. 
Thus, the limited and temporary interest that a candidate for office has is not 
the type that gives rise to individual standing in a post-election case 
involving a matter of public concern such as the eligibility of the winning 
candidate. We conclude that whether a candidate who received the majority of the 
votes in a general election is eligible to be certified as winner of the 
election is exclusively a matter of public concern. We therefore conclude that 
any post-election suit challenging the winning candidate’s eligibility must be 
prosecuted by the State in a writ of quo warranto.[18]  
Consequently, Cox does not have standing to bring this suit.
Conclusion
        Because 
we hold that Cox has no standing to prosecute this suit, we affirm the trial 
court's judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
  
PANEL B:   DAUPHINOT 
and GARDNER, JJ.
 
DELIVERED: 
May 27, 2004


NOTES
1.  
See Tex. R. App. P. 7.2(a) 
(requiring the substitution of Geoffrey S. Connor, the current Texas Secretary 
of State, for Gwyn Shea in this appeal).
2.  
See Tex. Const. art. 3, § 
7.
3.  
See Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 
(Tex. 1993); see also Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 
547, 553-54 (Tex. 2000); City of Arlington v. Scalf, 117 S.W.3d 345, 347 
(Tex. App.—Fort Worth 2003, pet. denied).
4.  
Bland, 34 S.W.3d at 554; Scalf, 117 S.W.3d at 347.
5.  
Bland, 34 S.W.3d at 554; Scalf, 117 S.W.3d at 347.
6.  
Bland, 34 S.W.3d at 554; Scalf, 117 S.W.3d at 347.
7.  
Bland, 34 S.W.3d at 555; Scalf, 117 S.W.3d at 347.
8.  
Norville v. Parnell, 118 S.W.3d 503, 505 (Tex. App.—Dallas 2003, pet. 
denied); Rivera v. City of Laredo, 948 S.W.2d 787, 790 (Tex. App.—San 
Antonio 1997, writ denied); see Act of July 9, 1879, 16th Leg., S.S., ch. 
48, § 1, 1879 Tex. Gen. Laws 75, 75, reprinted in 9 H.P.N. GAMMEL, THE LAWS OF 
TEXAS 1822-1897, at 43, 43 (Austin, Gammel Book Co. 1898) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 
66.001 (Vernon 1997)).
9.  
Norville, 118 S.W.3d at 505.
10.  
See id. at 504–05.
11.  
Id. at 504.
12.  
Id.
13.  
Id.
14.  
Id.
15.  
Id.
16.  
Id. at 506; cf. Allen v. Fisher, 9 S.W.2d 731, 732 (Tex. 
1928) (losing party candidate seeking to enjoin officials from certifying party 
nominee the winner of the primary election because candidate did not meet 
residency requirements); Sadler v. Newton, 541 S.W.2d 194, 195 (Tex. 
App.—Austin 1976, orig. proceeding [leave denied]) (losing party candidate 
seeking to enjoin officials from certifying party nominee the winner of the 
primary election because candidate was constitutionally ineligible, having voted 
for increase in the salary of the office in same term in which he ran).
17.  
See Tex. Elec. Code Ann. § 
273.081 (Vernon 2003).
18.  
Norville, 118 S.W.3d at 506.