COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-389-CV

 

 

ROBERT T. CLIFTON, RAQUEL                                             APPELLANTS

GUTIERREZ BRYSON, RICHARD D.

JORDAN, AND MICHAEL SUTTON

 

                                                   V.

 

JENNIFER WALTERS IN HER                                                     APPELLEE

OFFICIAL CAPACITY AS CITY

SECRETARY FOR THE CITY OF

DENTON, TEXAS                                                                                 

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








In six
issues, Appellants Robert T. Clifton, Raquel Gutierrez Bryson, Richard D.
Jordan, and Michael Sutton, pro se, appeal the trial court=s
judgment dismissing their claims against Appellee Jennifer Walters in her
official capacity as City Secretary for the City of Denton, Texas, and
declaring Clifton a vexatious litigant. 
We will affirm.

II.  Factual and Procedural Background

On March
31, 2008, Clifton delivered a letter to Walters, Denton=s City
Secretary, expressing that Mark Burroughs, Perry McNeill, and Mary Jo APete@ Kamp
were ineligible for election to the Denton City Council in any municipal
general election.  The following day,
Clifton filed his original petition, seeking a declaratory judgment clarifying
article 2.01(c) of the Denton City Charter and Afinding@ that
Burroughs, McNeill, and Kamp were ineligible for election to the city council.[1]  Clifton also sought to enjoin Walters from
placing the names of Burroughs, McNeill, and Kamp on the ballot for the May 10,
2008 election and to enjoin them from Aforever
filing for any elective office@ on the
city council because each had Abeen
previously elected to three consecutive two-year terms on the Denton City
Council.@








On April
11, 2008, Clifton filed a first amended petition, which named Gutierrez Bryson,
Jordan, Sutton, and Justin Bell as additional plaintiffs but did not amend any
of the allegations for declaratory and injunctive relief pleaded in the
original petition.  The amended petition
alleged that all of the plaintiffs have standing because they are citizens of
Texas, residents of Denton County and Denton, voters, and taxpayers.  It further alleged that Sutton and Bell have
standing for the additional reason that they were candidates in the May 10,
2008 election.[2]








Walters
filed a motion to dismiss Appellants= claims
for want of jurisdiction, arguing in part that Clifton, Gutierrez Bryson, and
Jordan do not have standing as citizens to seek declaratory relief.  Walters also sought rule of civil procedure
13 sanctions against Clifton, and she moved pursuant to civil practice and
remedies code section 11.051 to declare Clifton a vexatious litigant.[3]  On April 21, 2008, the trial court denied
Appellants= request for injunctive
relief.  Thereafter, Walters filed her
first supplemental motion to dismiss Appellants= claims
for want of jurisdiction, arguing that Sutton and Bell lacked standing to seek
a declaratory judgment because neither prevailed in his respective race and
neither contested the election results. 
Appellants filed an AObjection
Without Waiver and Motion to Strike Defendant=s First
Supplemental Motion to Dismiss for Want of Jurisdiction and Original Answer;
and, for Sanctions@ in response to Walters=s
supplemental motion to dismiss.[4]

On
September 5, 2008, the trial court conducted a hearing on Walters=s
motions to dismiss for want of jurisdiction.[5]  With the exception of Sutton=s and
Bell=s claims
seeking a declaratory judgment clarifying article 2.01(c) of the Denton City
Charter, the trial court granted Walters=s
motions to dismiss for want of jurisdiction. 
The trial court subsequently granted Bell=s notice
of nonsuit and, after reconsidering its earlier ruling on Walters=s
motions to dismiss, dismissed Sutton=s claims
as moot.  After a hearing, the trial
court denied Walters=s request for sanctions but
declared Clifton a vexatious litigant. 
This appeal followed.

III.  Standing








In their
first issue, Appellants argue that the trial court erred by granting Walters=s
motions to dismiss for want of jurisdiction on the ground that they each lack
standing to sue Walters.  Appellants
argue that they have standing because they are citizens of Texas, residents of
Denton, registered voters, and taxpayers and because Atwo of
the plaintiffs were candidates for office for the May 10, 2008, general
election for city council.@  Appellants cite Williams v. Lara, 52
S.W.3d 171 (Tex. 2001), in support of their taxpayer-standing argument and
argue that they have standing as taxpayers to sue Ato stop
and prevent illegal spending by the City of Denton.@








Walters=s
motions to dismiss for want of jurisdiction are pleas to the trial court=s
subject matter jurisdiction.  A plea to
the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause
of action without regard to whether the claims asserted have merit.  Bland ISD v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  Whether the trial court has
subject matter jurisdiction is a question of law that we review de novo.  Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004).  The plaintiff has the burden to
plead facts affirmatively showing that the trial court has jurisdiction.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  If a plea to the jurisdiction
challenges the existence of jurisdictional facts, as in this case, we consider
relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised.  See
Bland, 34 S.W.3d at 555; Cox v. Perry, 138 S.W.3d 515, 517 (Tex.
App.CFort
Worth 2004, no pet.).  We take as true
all evidence favorable to the nonmovant and indulge every reasonable inference
and resolve any doubts in the nonmovant=s
favor.  Miranda, 133 S.W.3d at
228.  If the relevant evidence is
undisputed or fails to raise a fact question on the jurisdictional issue, the
trial court rules on the plea to the jurisdiction as a matter of law.  Id.; Bland, 34 S.W.3d at 555.

Standing
is a component of subject matter jurisdiction. 
Tex. Ass=n of Bus., 852
S.W.2d at 445.  If a party lacks standing
to bring an action, the trial court lacks subject matter jurisdiction to hear
the case.  Id. at 444B45; Town
of Fairview v. Lawler, 252 S.W.3d 853, 855 (Tex. App.CDallas
2008, no pet.).  If a court lacks subject
matter jurisdiction in a particular case, then it lacks authority to decide
that case.  M.D. Anderson Cancer Ctr.
v. Novak, 52 S.W.3d 704, 708 (Tex. 2001); Tex. Ass=n of
Bus., 852 S.W.2d at 443 (reasoning that subject matter jurisdiction is
essential to the authority of a court to decide case).








Generally,
unless standing is conferred by statute, a plaintiff must demonstrate that he
possesses an interest in a conflict distinct from that of the general public,
such that the defendant=s actions have caused the
plaintiff some particular injury.  Hunt
v. Bass, 664 S.W.2d 323, 324 (Tex. 1984); SCI Tex. Funeral Servs., Inc.
v. Hijar, 214 S.W.3d 148, 153B54 (Tex.
App.CEl Paso
2007, pet. denied).  Regarding a voter
suing over an alleged ineligible candidate, our case law has consistently held
that a voter having no special interest cannot bring a lawsuit seeking the
removal of an ineligible candidate from the ballot.  See, e.g., Brimer v. Maxwell, 265
S.W.3d 926, 928 (Tex. App.CDallas
2008, no pet.); In re Jones, 978 S.W.2d 648, 651 (Tex. App.CAmarillo
1998, orig. proceeding [mand. denied]); see also Allen v. Fisher, 118
Tex. 38, 41, 9 S.W.2d 731, 732 (1928).  ANo Texas
court has ever recognized that a plaintiff=s status
as a voter, without more, confers standing to challenge the lawfulness of
governmental acts.@ 
Brown v. Todd, 53 S.W.3d 297, 302 (Tex. 2001); Yett v. Cook,
115 Tex. 205, 218, 281 S.W. 837, 841 (1926) (reasoning that in the absence of a
statute authorizing the suit, Athere
can be no doubt that in Texas an action relating to elections or other matters
of law enforcement, not involving questions of taxation or unlawful expenditure
of public funds, cannot be maintained by a relator or plaintiff whose interest
is only that of the public generally@).








In this
case, as voters, citizens of Texas, and residents of Denton, Appellants lacked
standing to challenge Burroughs=s,
McNeill=s, and
Kamp=s
eligibility for election to the city council. 
See Brimer, 265 S.W.3d at 928; Jones, 978 S.W.2d
648, 651; see also Allen, 9 S.W.2d at 732.  As for their argument that they each have
standing because two of the plaintiffs (Sutton and Bell) were candidates in the
May 2008 election, Appellants set forth no argument, analysis, or citation to
relevant authorities to support this contention.  The single-sentence argument is therefore
inadequately briefed and, accordingly, waived. 
See Tex. R. App. P. 38.1(i) (requiring brief to contain a clear
and concise argument for the contentions made with appropriate citations to
authorities); Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d
279, 284 (Tex. 1994) (discussing Along-standing
rule@ that
issue may be waived due to inadequate briefing).  To the extent Appellants mean to argue by
this single sentence that SuttonCas
opposed to the other AppellantsChas
standing to sue because heCunlike
the other AppellantsCwas a candidate in the May 10,
2008 election, this argument is also waived because Appellants provide no
supporting analysis or argument.  See Tex.
R. App. P. 38.1(i).

Regarding
Appellants= taxpayer-standing argument,
through a judicially-created exception to the particularized injury
requirement, a taxpayer has standing Ato sue
in equity to enjoin the illegal expenditure of public funds, even without showing
a distinct injury.@ 
Bland, 34 S.W.3d at 556. 
Taxpayers in Texas thus generally have standing to enjoin the illegal
expenditure of public funds and need not demonstrate a particularized
injury.  Williams, 52 S.W.3d at
179.  Implicit in this rule are two
requirements:  (1) that the plaintiff is a taxpayer and
(2) that public funds are expended on the allegedly illegal activity.  Id. 
Underpinning these limitations is the realization that governments
cannot operate if every citizen who concludes that a public official has abused
his discretion is granted the right to come into court and bring such official=s public
acts under judicial review.  Id.
at 180 (citing Bland, 34 S.W.3d at 555).








Here,
Walters introduced and the trial court admitted a copy of Ordinance No.
2008-103, the ordinance canvassing the returns and declaring the results of the
May 10, 2008 election.  It states in
relevant part as follows:

The City Council finds and
declares that the May 10, 2008 regular municipal election was duly ordered for
the purpose of electing two council members to Places 5 and 6, and a Mayor to
Place 7; that proper notice of said election was duly given and election
officials appointed; that the election was duly held and the returns of the
election officials have been delivered to the Council, all in accordance
with the laws of the State of Texas and the Charter and ordinances of the City
of Denton.  [Emphasis added.]








Appellants alleged in their
amended petition that they seek declaratory relief to stop Aunconstitutional
and illegal activities by@ Walters.  The alleged illegal activity referred to is
Walters=s Aallowance
and inclusion of ineligible candidates on a general election ballot.@  Aside from this allegation, which is based on
Appellants= position that the City Charter
prohibited Burroughs, McNeill, and Kamp from seeking election to the city
council in the May 10, 2008 election, Appellants made no showing in response to
Walters=s plea
that they were suing to enjoin the illegal expenditure of public funds.  Appellants did not appeal the trial court=s denial
of their request for injunctive relief, and their remaining claims seeking
declaratory relief involve a dispute over the interpretation of part of the
Denton City Charter.  Appellants= opinion
that Burroughs, McNeill, and Kamp were ineligible for election does not mean
that the election itself or Walters=s
ministerial duty of reviewing candidate applications for inclusion on the
ballot were activities on which public funds were illegally expended;
these activities, which were Aall
[conducted] in accordance with the laws of the State of Texas,@
according to Ordinance No. 2008‑103, would have taken place regardless of
the dispute over the provision in the City CharterCthe
lawsuit was not filed until April 1, 2008, approximately forty days before the
May 10, 2008 election, and the case was not set for trial until September 2008,
months after the May 10, 2008 election.  See
Tex. Elec. Code Ann. ' 145.004 (Vernon 2003)
(stating that a candidate=s entitlement to a place on the
ballot or to a certificate of election is not affected by a judicial determination
that the candidate is ineligible until a judgment declaring the candidate to be
ineligible becomes final), ' 145.094(a)
(Vernon Supp. 2009) (stating that the name of a candidate shall be omitted from
the ballot if the candidate is declared ineligible before 5 p.m. of the
second day before the beginning of early voting by personal appearance, before
5 p.m. of the 53rd day before election day, or before 5 p.m. of the
67th day before election day, depending on the applicability of sections
145.092(a), 145.092(b), or 145.092(f)). 
Accordingly, Appellants do not have standing as taxpayers.  See Williams, 52 S.W.3d at 179B80.








We hold
that the trial court did not err by granting Walters=s
motions to dismiss for want of jurisdiction. 
We overrule Appellants= first
issue.  Having overruled Appellants= first
issue, we need not address their second, third, fourth, and fifth issues, which
are issues subsumed by the first issue.[6]
 See Tex. R. App. P. 47.1.

IV.  Vexatious Litigant








In their
sixth issue, Appellants challenge the trial court=s order
declaring Clifton a vexatious litigant.[7]  Clifton does not argue that the evidence is
legally and factually insufficient to support the trial court=s
order.  Instead, he asserts numerous
arguments complaining of alleged constitutional violations resulting from the
trial court=s order declaring him a
vexatious litigant.  Specifically, he
contends that the vexatious litigant statute is unconstitutional because it
denies him due process under the Fourteenth Amendment to the United States
Constitution, denies him equal protection, denies him access to court, does not
Afurther
any compelling state interest,@
violates the First and Eighth Amendments to the United States Constitution, is
a bill of attainder, is Aunconstitutionally overbroad,@ and is
an Ainvitation
to >invidious
discrimination.=@

Chapter
11 of the civil practice and remedies code contains the legislature=s plan
for dealing with vexatious litigantsCpersons
who abuse the legal system by filing numerous, frivolous lawsuits.  Tex. Civ. Prac. & Rem. Code Ann. '' 11.001B.104
(Vernon 2002).  The statute provides in
part that on or before the ninetieth day after the date the defendant files an
original answer or makes a special appearance, the defendant may move for an
order declaring the plaintiff a vexatious litigant and requiring the plaintiff
to furnish security.  Id. ' 11.051.  Section 11.054 provides as follows:

A court may find a plaintiff a vexatious litigant
if the defendant shows that there is not a reasonable probability that the
plaintiff will prevail in the litigation against the defendant and that:

 

(1) the plaintiff, in the seven-year period
immediately preceding the date the defendant makes the motion under Section
11.051, has commenced, prosecuted, or maintained in propria persona at least
five litigations other than in a small claims court that have been:

 

(A) finally determined adversely to the plaintiff;

 








(B) permitted to remain pending at least two years without having
been brought to trial or hearing; or

 

(C) determined by a trial or appellate court to be frivolous or
groundless under state or federal laws or rules of procedure;

 

(2) after a litigation has been finally
determined against the plaintiff, the plaintiff repeatedly relitigates or
attempts to relitigate, in propria persona, either:

 

(A) the validity of the determination against the same defendant
as to whom the litigation was finally determined; or

 

(B) the cause of action, claim, controversy, or any of the issues
of fact or law determined or concluded by the final determination against the
same defendant as to whom the litigation was finally determined; or

 

(3) the plaintiff has previously been
declared to be a vexatious litigant by a state or federal court in an action or
proceeding based on the same or substantially similar facts, transition, or
occurrence.

 

Id. ' 11.054.

Clifton=s
arguments that chapter 11 denies him equal protection and access to court are
unpersuasive.  See Leonard v. Abbott,
171 S.W.3d 451, 457B58 (Tex. App.CAustin
2005, pet. denied) (reasoning that chapter 11 did not implicate appellant=s right
to equal protection and did not violate the Texas constitution=s open
courts provision).  We overrule this part
of Clifton=s sixth issue.








A bill
of attainder is Aa law that legislatively
determines guilt and inflicts punishment upon an identifiable individual
without provision of the protections of a judicial trial.@  Nixon v. Adm=r of
Gen. Servs., 433 U.S. 425, 468, 97 S. Ct. 2777, 2803
(1977).  Chapter 11 does not involve
punishment.  Thus, it is not a bill of
attainder.  See, e.g., Johnson
v. Davis, 178 S.W.3d 230, 240 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied).  We
overrule this part of Clifton=s sixth
issue.

The
Eighth Amendment to the United States Constitution forbids, among other things,
extreme sentences that are grossly disproportionate to the crime.  Ewing v. California, 538 U.S. 11, 23,
123 S. Ct. 1179, 1187 (2003). 
Chapter 11 does not involve punishment. 
We overrule this part of Clifton=s sixth
issue.








The
Fourteenth Amendment to the United States Constitution provides that A[no]
State shall . . . deprive any person of life, liberty, or
property, without due process of law.@  U.S. Const. amend. XIV, ' 1.  This Arequire[s]
that deprivation of life, liberty or property by adjudication be preceded by
notice and opportunity for hearing appropriate to the nature of the case.@  Logan v. Zimmerman Brush Co., 455 U.S.
422, 428, 102 S. Ct. 1148, 1153 (1982); Boddie v. Connecticut, 401
U.S. 371, 380, 91 S. Ct. 780, 787 (1971) (concluding that Arestriction
on litigants= use of established adjudicatory
procedures denies due process when such restriction is Athe
equivalent of denying them an opportunity to be heard upon their claimed
right[s]@).  A cause of action is a species of property
protected by the due process clause of the Fourteenth Amendment.  Logan, 455 U.S. at 428, 102
S. Ct. at 1154.  Here, Clifton
complains of chapter 11=s requirement that a vexatious
litigant obtain permission by a local administrative judge to file litigation
if a prefiling order has previously been entered, see Tex. Civ. Prac.
& Rem. Code Ann. ' 11.102, but the record
does not show that he has been denied permission from a local administrative
judge to file a claim.  Also, courts have
described the legislature=s intent in enacting chapter 11
as a balancing of individual Texans= rights
to access their court system against the public=s
interest in protecting defendants from individuals who abuse that system.  Drake v. Andrews, 294 S.W.3d 370, 373
(Tex. App.CDallas 2009, pet. filed).  In light of this, Clifton has not met his
burden of demonstrating that obtaining permission to file litigation is Athe
equivalent of denying [him] an opportunity to be heard,@ thus
violating due process.  See Boddie,
401 U.S. at 380, 91 S. Ct. at 787. 
We overrule this part of Clifton=s sixth
issue.

We
overrule the remainder of Clifton=s
arguments about the First Amendment, Acompelling
state interest,@ Aunconstitutionally
overbroad,@ and Ainvidious
discrimination@ because they are inadequately
briefed.  See Tex. R. App. P.
38.1(i).  We overrule the remainder of
Clifton=s sixth
issue.








V.  Conclusion

Having
overruled Appellants= first and sixth issues and
having determined that we need not reach Appellants= second,
third, fourth, and fifth issues, we affirm the trial court=s
judgment.

 

 

 

BILL MEIER

JUSTICE

 

PANEL:  LIVINGSTON, MCCOY, and
MEIER, JJ.

 

DELIVERED:  January 14, 2010











[1]According to the original
petition, article 2.01(c) states that A[a]ll members of the council and the mayor shall
be elected for two-year terms and shall not be eligible for election to more
than three (3) consecutive two year terms . . . .@





[2]Sutton was a candidate
for Place 5 on the city council, and Bell was a candidate for Mayor of Denton.





[3]Appellants did not file a
response to Walters=s motion to dismiss.





[4]Appellants sought
sanctions on the ground that Walters=s supplemental motion to dismiss was frivolous.





[5]The trial court allowed
Appellants to introduce evidence at the hearing in response to Walters=s motions.





[6]Appellants argue in these
issues that A[t]his case is a suit for
office; not an election contest@; that A[t]he City Charter for the City of Denton limits
the number of consecutive elections an individual may be elected to the city
council@; that A[t]he City Secretary=s actions pertaining to
the applications of three individuals for a place on the May 10, 2008, general
election ballot for city council was an abuse of discretion@; and that A[t]he District Court=s action, or inaction, in
this case was a result of the court=s confusion as to whether or not this case was a
civil suit or an election contest.@





[7]The order declares only
Clifton a vexatious litigant, not all of the Appellants.  We therefore construe this issue as a
challenge by Clifton, not all of the Appellants, to the order declaring him a
vexatious litigant.