# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00314-CV

**In re Chris Osborn**

ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

In this original proceeding, relator Chris Osborn asks this Court to compel respondent Susan Brock, City Clerk for the City of Taylor, to declare D. Scott Green, real party in interest, ineligible to serve on the City Council, district 4, due to Green's residency ineligibility under the Texas Election Code.[1] Osborn, also a candidate for the same council position, contends that public documents conclusively establish that Green is ineligible because he did not continuously reside in the district for six months prior to the election filing deadline as required by section 141.001 of the election code. *See* Tex. Elec. Code § 141.001.

Section 145.003 of the Election Code provides the procedures for obtaining a declaration that a candidate is ineligible for office. *See id*. § 145.003. A candidate may be declared ineligible only if: (1) the information on the candidate's application for a place on the ballot

---

[1] This Court has jurisdiction to consider a request for mandamus relief and to "compel the performance of any duty imposed by law in connection with the holding of an election . . . regardless of whether the person responsible for performing the duty is a public officer." Tex. Elec. Code § 273.061; *see also* Tex. Gov't Code § 22.221 ("Each court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.").

indicates that the candidate is ineligible for office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record. *Id*. § 145.003(f). When the appropriate authority is presented with an application for a place on the ballot or another public record containing information pertinent to a candidate's eligibility, the appropriate authority shall promptly review the record. *Id*. § 145.003(g). If the record conclusively establishes that a candidate is ineligible, the authority must declare the candidate ineligible. *Id*. An authority's obligation to declare a candidate ineligible when required to do so under section 145.003 is a "duty imposed by law" and is subject to mandamus relief. *See id*. § 273.061; *see also In re Sanchez*, 366 S.W.3d 255, 257 (Tex. App.—San Antonio 2012, orig. proceeding) (explaining that party chairman had duty to declare candidate ineligible if public record established that candidate was ineligible and, because he did not, mandamus relief would be appropriate).

Here, in his petition for writ of mandamus, Osborn contends that (1) certain "public records" conclusively demonstrate Green's ineligibility and (2) upon being presented with these documents, Brock refused to declare Green ineligible. In response, both Green and Brock argue that the documents provided by Osborn do not qualify as "public records" and that, in any event, the documents fail to conclusively demonstrate Green's ineligibility. In addition, Brock has asserted that Osborn lacks standing to bring this mandamus action because he did not file his petition until after it was too late to remove Green's name from the ballot. Standing implicates our subject-matter jurisdiction, and thus our power to decide the merits of this dispute. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Consequently, we first examine whether Osborn has standing to maintain this action.

The standing issue presented in this case turns on whether the interest Osborn seeks to protect is one that is unique to him as an opposing candidate or whether it is simply one that is shared by the public at large. Generally, challenges to the eligibility of candidates "are matters of public concern" and must be prosecuted by the state. *Allen v. Fisher*, 9 S.W.2d 731, 732 (Tex. 1928). These quo warranto proceedings provide the exclusive means by which the public may protect itself from unlawful occupancy of a public office.[2] *Norville v. Parnell*, 118 S.W.3d 503, 505 (Tex. App.—Dallas 2003, pet. denied); *Walton v. City of Midland*, 287 S.W.3d 97, 101 (Tex. App.—Eastland 2009, pet. denied). Consequently, a voter having no special interest cannot bring suit seeking the removal of an ineligible candidate. *Allen*, 9 S.W.2d at 732.

Based on the undisputed facts that Green was on the ballot and early voting had already begun when Osborn filed his petition for writ of mandamus, we conclude that Green could no longer be removed from the city council election at the time Osborn sought relief in this Court. That is, under the Election Code, Green could no longer be removed from the ballot, even if he were ultimately declared by Brock to be ineligible. *See* Tex. Elec. Code § 145.096 (a) (providing that ineligible candidate's name must be placed on the ballot if, at the latest, the candidate is declared ineligible after 5 p.m. of second day before early voting). Further, all votes cast for Green were required to be counted. *See id*. § 145.005(a) (providing that votes for ineligible candidate must be

---

[2] A writ of quo warranto is an ancient common-law writ that gave the king an action against a person who claimed or usurped any office, franchise, or liberty, to inquire by what authority that person supported the claim to hold office. *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 86 (Tex. App.—Austin 2004, pet denied). In these proceedings, authorized by statute since 1879, the State of Texas, through an appropriate representative, may challenge a person's right to hold public office. Tex. Civ. Prac. & Rem. Code § 66.001; *Norville v. Parnell*, 118 S.W.3d 503, 505 n.8 (Tex. App.—Dallas 2003, pet. denied).

counted when name appears on ballot). Consequently, even if Brock did declare Green to be ineligible, the city council position would not default to Osborn. Instead, if Green were declared ineligible but still garnered the necessary votes for the election, a vacancy in the position would be created. *See id*. § 145.005(b). Under the Taylor City Charter, this vacancy would be filled by a special election for the remainder of the unexpired term. *See* Taylor, Tex., Home Rule Charter, § 4.4 (1982). Osborn would be free to seek the vacant position, along with any number of Taylor residents of the district.

Any standing Osborn had to challenge the candidacy of his opponent ceased to exist once Green could no longer be removed from the ballot. At that point, Osborn's interest in having Green declared ineligible is simply the same as that shared by the general public. Green's ineligibility to hold the office became a matter solely of public concern and any attack on Green's eligibility would have to be brought in a quo warranto proceeding. Accordingly, we conclude that Osborn does not have standing to bring this action, and we dismiss the petition for want of jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Rose and Field

Filed: May 15, 2013

4